# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

DANIEL HERRARTE ARIAS,

        Petitioner,

  v.

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security, et al.,

        Respondents.

Case No. 26-cv-03453-SRB

## ORDER

Before the Court is Petitioner Daniel Herrarte Arias's ("Petitioner") Petition for Writ of

Habeas Corpus and Complaint for Emergency Injunctive Relief ("the Petition").  (Doc. #1.)  For

the reasons below, the Petition is DENIED.

### I.  FACTUAL BACKGROUND

In an Order dated May 6, 2026, the Court granted in part and denied in part Petitioner's

first Petition for habeas relief.  *Arias v. Mullin*, Case No. 26-cv-03257-SRB, Doc. #7

(W.D. Mo. May 6, 2026).  In relevant part, the Order denied the Petition as follows:

> Upon review, the Court finds that Respondents properly detained Petitioner.
> On August 4, 2022, an Immigration Judge issued an order of removal for
> Petitioner.  Petitioner was arrested on April 16, 2026 for assault, her [Order
> of Supervision] OSUP was subsequently revoked, and she was then placed in
> detention pending her removal.  On April 30, 2026, Petitioner was served
> with a Notice of Removal.  Based on these circumstances, Respondents have
> lawfully detained Petitioner.  8 U.S.C. § 1231(a)(2)(A) ("During the removal
> period, the Attorney General shall detain the alien.")  Petitioner's request for
> her immediate release is therefore denied.

*Id.*, at p. 3.

In relevant part, the Order granted the Petition as follows:

> [T]he record contains no indication that Respondents considered Petitioner's claim that she 'is transgender and homosexual [and] has a real and valid fear to go to Mexico on these bases, given the country conditions in Mexico related to homosexual and/or transgender individuals.' The record also shows that Petitioner has not had a meaningful opportunity to raise her fear-based claims to an immigration judge. Under these circumstances, Petitioner's due process and statutory rights have been violated. Petitioner is entitled to have her fear-based claims considered prior to removal.

*Id.*, at p. 4 (citation omitted).

Petitioner has now filed the pending second Petition for habeas relief. The following facts are taken from the Petition and from the parties' briefs. Only those facts and issues necessary to resolve the Petition are addressed below, and they are simplified to the extent possible. All page numbers refer to the pagination automatically generated by CM/ECF.

Petitioner is a native and citizen of Guatemala. Petitioner alleges that she "is homosexual and is transgender." (Doc. #1, p. 1.) Petitioner has lived in the United States since she was 7 years old. On August 4, 2022, Petitioner was granted withholding of removal to Guatemala by an Immigration Judge. However, at the same time, the Immigration Judge issued an order of removal.

During her childhood, Petitioner was molested by a pastor at her church and the incident was reported to the police. As a result, Petitioner filed for a U visa, for victims of certain crimes in the United States. On December 20, 2024, U.S. Citizenship and Immigration Services ("USCIS") granted Petitioner deferred action and work authorization regarding her pending U visa petition. Petitioner's deferred action status is valid until December 20, 2028.

Petitioner alleges that she was arrested by immigration authorities on April 16, 2026, despite her being in valid deferred action status. Petitioner alleges she is being held at an all-male facility even though she identifies as a female. Petitioner alleges she has suffered numerous threats and sexual assault attempts by other detainees.

2

Petitioner now requests the Court grant her a writ of habeas corpus and order her immediate release. Petitioner alleges in part that "deferred action issued by USCIS based on a pending U visa petition can only be revoked by USCIS. To date, neither Respondents nor USCIS have provided Petitioner any hearing at which they allege that USCIS's grant of deferred action should be revoked, nor have they provided Petitioner any opportunity to be heard on the issue of a potential revocation of deferred action." (Doc. #1, p. 6.) Petitioner alleges in part that she is being unlawfully detained in violation of her due process rights.

Petitioner filed the Petition on July 30, 2026. The Respondents timely filed an opposition, and Petitioner filed a reply. As noted by the Respondents, "[t]he grounds for challenging detention are the same as those raised in the previous action with the addition of [Petitioner's] argument that the intervening court decision in *Immigr. Ctr. for Women & Child. v. Noem* ('*ICWC*') requires a different ruling from the Court regarding [Petitioner's] detention." (Doc. #11, p. 2; *ICWC*, 2026 WL 1455004, Case No. 25-cv-09848-AB-AS (C.D. Cal. Oct. 14, 2025)).[1]

According to the Petition, *ICWE* "certified three classes, including, as relevant here, the Deferred Action Class[2] and stayed the De Facto Revocation Policy pursuant to 5 U.S.C. § 705 as to Deferred Action Class members. ('Pursuant to 5 U.S.C. § 705, the Court hereby STAYS the De Facto Revocation Policy, under which ICE does not honor grants of deferred action conferred by USCIS to individuals with pending petitions for U or T visas.)." (Doc. #1, p. 13) (citation

---

[1] Petitioner's Reply argues in part that Respondents' opposition does not address all of her arguments, including under the *Accardi* doctrine. As stated below, the Court finds that Petitioner is being properly detained and that none of her arguments support any of the relief requested.

[2] The Deferred Action Class is defined as: "All individuals to whom USCIS has granted deferred action based on a pending U or T visa petition and who, during the authorized period of deferred action, ICE detains, seeks to detain, or removed without providing notice and an opportunity to be heard regarding potential revocation of their deferred action status." (Doc. #1, p. 13) (citing and quoting *ICWC*).

3

omitted).  Petitioner alleges she is a member of ICWC and that "the De Facto Revocation Policy, 'under which ICE does not honor grants of deferred action conferred by USCIS to individuals with pending petitions for U or T visas,' may not be applied to Petitioner.  Therefore, immediate release is warranted."  (Doc. #1, p. 14) (citation omitted).

The Petition asserts the following claims:  Count I—Violation of APA 5 U.S.C. § 706(2)(A); Count II—Violation of the Fifth Amendment to the United States Constitution; Count III—Violation of Fifth Amendment of United States Constitution Detaining Individuals with Valid Deferred Action Status Violates Substantive Due Process; Count IV—*Accardi* Doctrine; Petitioner's Detention Violates the Practice Manual, Regulations, and Longstanding Policy and Practice.  Petitioner requests her immediate release, a declaration that her detention is unlawful, and an order preventing her from being re-detained while she is in valid deferred action status.

## II.  DISCUSSION

Upon review, the Court finds that Petitioner is not entitled to relief.  First, the Court incorporates by reference its May 6, 2026, Order which held that Petitioner's detention is lawful. The Court again holds that Petitioner is being lawfully detained for the reasons stated in that Order and for the reasons stated by the Government.  The Court rejects Petitioner's arguments to the contrary.

Second, the Court finds that *ICWC* does not entitle Petitioner to relief.  The Court agrees with the Government that:

> *ICWC* is not binding upon this Court, and multiple federal courts have declined to grant habeas relief based upon *ICWC*.  *See, e.g., Rauda Choto v. Ladwig*, 2026 WL 1652576, *1 (W.D. La. Jun. 8, 2026) ("The Court is not persuaded that the existence of a non-final order entered in separate litigation independently establishes Petitioner's entitlement to emergency injunctive relief in this proceeding.").  [In addition,] to the extent that the Court were to

construe the *ICWC* order as compelling the federal government respondents to release [Petitioner] from detention, such relief would be nationwide and would reach beyond the certified classes to currently unidentifiable non-parties to the *ICWC* case. But the Supreme Court has confined federal district court equitable relief to "the plaintiffs before the court." *Trump v. CASA, Inc.*, 606 U.S. 831, 852, 145 S.Ct. 2540, 2557 (2025). . . . [Petitioner's] proposed . . . application of *ICWC* would constitute a . . . violation of the Supreme Court's holding in *CASA*.

(Doc. #11, pp. 5-6).

### III. CONCLUSION

Based on the above, and on the full record before the Court, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2026

5